IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD LYNCH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2701-L** |
| | § | |
| **UNION PACIFIC RAILROAD COMPANY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Union Pacific Railroad Company's Motion to Dismiss (Doc. 5), filed on September 10, 2013. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Defendant's motion to dismiss.

## I. Background

On December 9, 2010, Plaintiff Richard Lynch ("Plaintiff") filed an administrative claim under the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109, alleging that Defendant Union Pacific Railroad Company ("Defendant") retaliated against him for reporting a rail yard safety condition. The claim was investigated by the Occupational Safety & Health Administration of the United States Department of Labor ("OSHA"). OSHA attempted to conduct closing conferences in August and October 2011, but Plaintiff insisted that the investigators had misunderstood the facts and failed to adequately investigate the case. Eventually, OSHA issued a decision dismissing the claim on substantive grounds on June 21, 2012. Plaintiff filed objections, and the case was referred to an administrative law judge (the "ALJ"). At an initial scheduling conference, Plaintiff assured the ALJ that he would not refile the complaint in federal district court. He instead agreed to a

scheduling order that culminated in a January 9, 2013 hearing. The ALJ presided over a hearing that lasted over 11 hours, included seven witnesses and over 130 exhibits, and resulted in over 400 transcribed pages. Both Plaintiff and Defendant filed posthearing briefs. Then, before the deadline expired for him to file his reply brief and before the ALJ issued his decision, Plaintiff submitted notice of his intention to file this lawsuit in federal court. The lawsuit was filed on July 12, 2013.

Defendant now seeks dismissal of this lawsuit under Federal Rule of Civil Procedure 12(b)(1). It contends that the court lacks subject matter jurisdiction over the case because the statutory prerequisites for jurisdiction set forth in 49 U.S.C. § 20109(d)(3) have not been met. Defendant essentially argues that Plaintiff's conduct in waiting 892 days after he filed his initial claim, and 682 days after his right to remove had vested, constitutes "bad faith" and divests this court of subject matter jurisdiction. Plaintiff responds that much of his delay was due to the illness of his counsel and that the removal was not made in bad faith.

## II. Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States[,]" or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d

222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Plaintiff filed suit pursuant to 49 U.S.C. § 20109(d), which confers jurisdiction on the court:

> (1) In general. An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.
>
> * * *
>
> (3) De novo review. With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the

> employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. §§ 20109(d)(1) & (3).

**III. Analysis**

As Defendant concedes, *see* Doc. 5-1 at 1 & 3, the Secretary of Labor, through OSHA, had not yet issued a final decision by July 8, 2011, the 210th day after Plaintiff filed his administrative claim. Defendant contends that the court should find that jurisdiction is lacking because the delay in issuing a final decision was due to Plaintiff's "procedural gamesmanship." It is undisputed that (1) Plaintiff was responsible for delay in the OSHA investigator's ruling because he sought further investigation; (2) Plaintiff indicated that he did not intend to file the case in federal court and voluntarily entered into a scheduling order before the ALJ; (3) the ALJ and both parties expended significant resources in preparing for and conducting an extensive hearing; and (4) this lawsuit was filed five months after the hearing, after Defendant and the ALJ spent additional resources on lengthy posthearing briefing.

The issue of whether Plaintiff filed this lawsuit in an act of gamesmanship or to prolong the dispute is beside the point. The sole issue in this Rule 12(b)(1) motion is whether the court lacks subject matter jurisdiction to hear the lawsuit. Jurisdiction, in turn, relies upon whether "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and . . . the delay is not due to the bad faith of the employee[.]" 49 U.S.C. § 20109(d)(3). By the plain terms of the FRSA's "kick-out" provision, the court lacks jurisdiction if the delay in the Secretary of Labor's final decision was due to the Plaintiff's bad faith. Defendant has not established such bad faith.

The parties identify just three cases construing the "kick-out" provision of the FRSA, and the court's independent research has revealed no additional cases interpreting the provision. In all three cases, district courts denied the defendants' motions to dismiss for lack of subject matter jurisdiction, finding that bad faith was not established. In *Pfeifer v. Union Pacific Railroad Company*, an ALJ conducted a lengthy hearing including three days of testimony, multiple exhibits, and posttrial briefing. *Pfeifer v. Union Pac. R.R. Co.*, No. 12-CV-2485-JAR-JPO, 2013 WL 1367054, at *2 (D. Kan. Apr. 3, 2013). The ALJ issued a 34-page decision dismissing the complaint. *Id.* The plaintiff then filed a petition for review with the Administrative Review Board ("ARB"). *Id.* Soon thereafter, the plaintiff filed his notice of intent to file an action in federal district court and subsequently removed the case to the District of Kansas. *Id.* at *3. The defendant filed a Rule 12(b)(1) motion, contending that the plaintiff exhibited bad faith by engaging in extensive discovery, wasting extensive resources participating in a three-day hearing, filed an appeal with no intention of prosecuting the appeal before the ARB, and only submitted a federal complaint when he had failed to prevail before the ALJ. *Id.* at *5. The district court denied the Rule 12(b)(1) motion, explaining:

> The Court has reviewed the proceedings at the OSHA and has found no evidence of bad faith. The 210 days expired before the Assistant Secretary even issued the preliminary findings, and Plaintiff could have removed at any point after the 210 days elapsed. The joint motions for an extension of time delayed the proceedings no more than a month or two in total, and in any event contain no hint of a suggestion that Plaintiff would not remove the case. The Court understands Defendant's frustrations with the process of litigating this case in front of the ALJ and now having to re-litigate it in federal court, but this duplicity results from OSHA's timing, not from any bad faith on the Plaintiff's part. Plaintiff has removed this action, as authorized by statute, and has not shown any "[d]ishonesty of belief or purpose," as a bad faith finding would require. Defendant's suggestion, that Plaintiff "presumably" had no intention of actually following through on that appeal, has no factual support in the record. And, even if it did, filing a protective appeal to maintain his right of removal to federal court would not be indicative of bad faith.

> The Court finds that it does not lack jurisdiction due to Plaintiff's alleged bad faith.

*Id.* (quoting Black's Law Dictionary 149 (9th ed. 2009)).

In *Glista v. Norfolk Southern Railway Company* and *Mullen v. Norfolk Southern Railway Company*, the Eastern District of Pennsylvania denied motions to dismiss under Rule 12(b)(1), finding that removal under 49 U.S.C. §§ 20109(d)(3) is permissible even after the ALJ has entered findings or the Secretary of Labor has issued a final decision, as long as the decision is rendered more than 210 days after the employee filed the administrative complaint. *Mullen v. Norfolk S. Ry. Co.*, No. 13-6348, 2014 WL 1370119, at *1-*2 (E.D. Pa. Apr. 8, 2014) (federal complaint filed while ARB appeal of ALJ decision was pending); *Glista v. Norfolk S. Ry. Co.*, No. 13-04668, 2014 WL 1123374, at *1 (E.D. Pa. Mar. 21, 2014) (federal complaint filed after complaint was dismissed with prejudice by ALJ). The Eastern District of Pennsylvania determined that the language of 49 U.S.C. § 20109(d)(3) is clear – it does not prevent *de novo* review after the 210 days elapsed even where the ALJ has issued findings or the Secretary of Labor issued a final decision prior to the submission of a federal complaint. *See Mullen*, 2014 WL 1370119, at *7; *Glista*, 2014 WL 1123374, at *3. The Eastern District of Pennsylvania explained:

> [T]his provision [49 U.S.C. § 20109(d)(3)] is not qualified by any exception covering a final decision rendered after 210 days. I find that the plain meaning of this provision is clear. If Congress had intended to deny a plaintiff de novo review by the federal district court in the event that a final decision was reached after the 210 day period had expired such an exception would be explicit in this portion of the statute. To conclude otherwise requires that I infer an entire clause into the statute which is conspicuously absent, essentially rewriting § 20109(d)(3) to read "if the secretary of labor has not issued a final decision within 210 days after the filing of the complaint, and if the delay is not due to the bad faith of the employee *and if the Secretary of Labor has not yet rendered a final decision* ..."

*Glista*, 2014 WL 1123374, at *3 (emphasis in original).

Defendant here has failed to establish that the court lacks subject matter jurisdiction. The Secretary of Labor clearly did not issue a final decision within 210 days after the filing of the OSHA complaint, and such delay – even if partially due to Plaintiff taking advantage of the rights afforded by Department of Labor regulations – was not caused by the "dishonesty of belief or purpose" of Plaintiff. *See Pfeifer*, 2013 WL 1367054, at *5 (quoting Black's Law Dictionary 149 (9th ed. 2009)). As the ALJ observed and Defendant concedes, it is oftentimes unlikely that a decision can be reached within the 210-day deadline set by the statute, regardless of the good faith or bad faith of the Plaintiff. *See* Doc. 11 at 1; *see also* Doc. 5-3 at 7 ("Even with the imminent issuance of an ALJ decision, given the normal administrative appellate review, it could easily be another 210 days before a final Secretarial decision is issued."). The record is clear that the delay resulting in the failure of the Secretary of Labor to issue a final decision within 210 days was not due to the bad faith of Plaintiff.

The removability of this case, for which both parties and the ALJ have already expended significant resources, is an unfortunate and likely unintended consequence of the statutory language used by Congress. There is no exception to federal subject matter jurisdiction when an FRSA case is removed as an act of gamesmanship if the initial delay was not the result of bad faith by the Plaintiff. The statute, as currently written, permits such gamesmanship and regrettably does nothing to promote judicial economy. It is, however, the task of Congress and not this court to remedy such an unintended outcome.

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendant Union Pacific Railroad Company's Motion to Dismiss (Doc. 5).

**It is so ordered** this 4th day of June, 2014.

Sam A. Lindsay
United States District Judge