IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD LYNCH,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:13-CV-2701-L** |
| **UNION PACIFIC RAILROAD COMPANY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Strike the New Argument and New Evidence in Defendant's Summary Judgment Reply, or in the Alternative, for Leave to Respond to Defendant's New Argument and New Evidence (Doc. 111), filed November 5, 2015. After considering the motion, the parties' summary judgment briefs and evidence, the record, and applicable law, the court **denies** Plaintiff's Motion to Strike the New Argument and New Evidence in Defendant's Summary Judgment Reply, or in the Alternative, for Leave to Respond to Defendant's New Argument and New Evidence (Doc. 111).

Plaintiff contends in his Motion to Strike that Defendant's summary judgment reply raises new arguments and is supported by new evidence not previously relied on by Defendant in its summary judgment motion. Plaintiff further asserts that Defendant's allegedly new arguments and evidence should be stricken because Defendant failed to obtain leave of court, as required by courts in the Northern District of Texas under the Local Civil Rules applicable to motion briefing and summary judgment.

**Memorandum Opinion and Order – Page 1**

A reply brief is generally limited to addressing matters presented in a motion and response. *See Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response].") (citation omitted); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and "is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

The matters objected to by Plaintiff with respect to Defendant's summary judgment reply and evidence, however, are specifically directed at and responsive to arguments and evidence in Plaintiff's response to Defendant's summary judgment motion. Consequently, the matters objected to by Plaintiff were not raised for the first time in Defendant's reply, and the cases relied on by Plaintiff are distinguishable from this case. Moreover, the deposition testimony of John Begley relied on by Defendant that Plaintiff seeks to strike was obtained as a result of Plaintiff's request to delay briefing on Defendant's summary judgment to depose Begley and other witnesses, and Plaintiff relies on John Begley's deposition in response to Defendant's summary judgment motion.

Because Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary judgment response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply before the court rules on the summary judgment motion, or that would require the court to strike the reply. Plaintiff is correct that courts in the Northern District of Texas have held that, under the court's Local Civil Rules, leave must first be obtained to file an appendix in support of a reply to a motion. The circumstances of this case, however, and in

**Memorandum Opinion and Order – Page 2**

particular Plaintiff's request to delay briefing on Defendant's summary judgment motion to conduct discovery that he now relies on in his summary judgment response, justify granting Defendant leave to file its appendix in support of its reply. To conclude otherwise would allow Plaintiff an unfair advantage in using a "gotcha" procedural approach.

Further, once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, Defendant, as the summary judgment movant, is entitled to file the last document. Surreplies and other filings that serve the purpose or have the effect of a surreply are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not helpful in resolving pending matters and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances.

Plaintiff has not presented any other reasons why he should be allowed to file a surreply. The court, therefore, concludes that no exceptional or extraordinary circumstances have been presented by Plaintiff that would warrant his filing a surreply or further delaying the briefing on Defendant's summary judgment motion, which was filed March 3, 2015. The court is well aware of the contentious nature of the parties' dispute in this case and notes from the docket that the parties recently agreed to extend discovery to November 24, 2015, to conduct certain depositions; however, this case is more than two years old and is set for trial on the court's four-week docket in March 2016, with pretrial materials due in February 2016. Accordingly, the court is not inclined to entertain, absent good cause and exceptional circumstances, further delays resulting from the parties' litigious conduct and "seemingly endless motion[] practice." Pl.'s Mot. 3. For all of these reasons, the court **denies** Plaintiff's Motion to Strike the New Argument and New Evidence in Defendant's

**Memorandum Opinion and Order – Page 3**

Summary Judgment Reply, or in the Alternative, for Leave to Respond to Defendant's New Argument and New Evidence (Doc. 111).

**It is so ordered** this 6th day of November, 2015.

_____
Sam A. Lindsay
United States District Judge